**Michael WALKER, Plaintiff,**

v.

**UNITED STATES of America, et al., Green Haven Correctional Facility, Defendants.**

**No. 83 Civ. 8411 (WK):**

United States District Court, S.D. New York.

June 12, 1987.

Report and Recommendation May 29, 1987.

Louise Sommers, Rogers & Wells, New York City, for plaintiff.

Nancy Kilson, Asst. U.S. Atty., New York City, for defendants.

WHITMAN KNAPP, District Judge.

We have reviewed the thorough and carefully-reasoned Report and Recommendation of Magistrate Francis. We adopt its reasoning and conclusions in their entirety, and annex it to this Order.

SO ORDERED.

REPORT AND RECOMMENDATION

JAMES C. FRANCIS, IV, United States Magistrate.

This case arises out of an alleged assault on plaintiff Michael Walker on October 5, 1983 while Walker was incarcerated at the

Otisville Correctional Facility. Walker claims that he was assaulted by four corrections officers and subsequently restricted in his use of the law library because one of the officers refused to remove his handcuffs. He also claims that certain books and legal papers were illegally confiscated from him. Walker seeks to recover damages from the individual defendants for violations of his Fifth and Eighth Amendment rights, and from the United States pursuant to the Federal Tort Claims Act ("FTCA"). In the event that the Court finds in his favor, he also seeks expungement from his prison record of all references to the October 5, 1983 incident, including cancellation of all related penalties.

Defendants have moved pursuant to rule 12(f) of the Federal Rules of Civil Procedure to strike plaintiff's demand for expungement of the records. The rule provides that the court may strike from any pleading any material which is "redundant, immaterial, impertinent or scandalous." Plaintiff seeks the expungement remedy on his first and third causes of action. His first cause of action charges four of the five individual corrections officers with willful and malicious assault under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Defendants argue that plaintiff could not be granted expungement under this claim because the individual defendants have no power or authority to expunge the records. The third cause of action arises under the FTCA, and the defendants contend that that statute authorizes an award of money damages but not equitable relief.

Walker argues that "the natural, logical and just result of a finding in [his] favor should be clarification of [his] prison record to conform to the facts as determined by the court." He relies on cases which find that the district court has the power to grant ancillary relief including expungement to redress violations of a plaintiff's constitutional rights. Plaintiff contends that there is a private right of action against the individual corrections officers, and that non-monetary relief may be sought on these claims. Plaintiff uses a similar analysis to argue that expungement may also be granted under the FTCA.

## DISCUSSION

### The Bivens Claim

■ In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court first implied a private cause of action for damages against federal law enforcement personnel who had violated the plaintiff's Fourth Amendment rights. The Court stated that "where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Id.* at 396, 91 S.Ct. at 2004, citing *Bell v. Hood*, 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946). Federal courts have the power to grant monetary or equitable relief when a substantive right derived from federal law has been abridged. *Id.* at 400, 91 S.Ct. at 2006–07 (Harlan, J. concurring). In *Bush v. Lucas*, 462 U.S. 367, 374, 103 S.Ct. 2404, 2409–10, 76 L.Ed.2d 648 (1983), the Court explained that federal court jurisdiction to decide all cases "arising under the Constitution ... provides not only the authority to decide whether a cause of action is stated by a plaintiff's claim that he has been injured by a violation of the Constitution, ... but also the authority to choose among available judicial remedies in order to vindicate constitutional rights." Accordingly, the Court "has fashioned a wide variety of non-statutory remedies for violations of the Constitution by federal and state officials." *Ibid.* Thus, "it is clear that injunctive relief may be awarded for a cause of action based directly on the Constitution." *Doe v. United States Civil Service Commission*, 483 F.Supp. 539, 564 (S.D.N.Y.1980).

The judicial remedy of expungement of government records about an individual is one such remedy, and it is not dependent on an express statutory provision. This remedy exists "to vindicate substantial rights provided by statute as well as by organic law." *Menard v. Saxbe*, 498 F.2d

1017, 1023 (D.C.Cir.1974). *See also United States v. McLeod*, 385 F.2d 734 (5th Cir. 1967) (expungment of arrest records). In determining whether or not expungement is the appropriate remedy, courts have instituted a balancing approach. *Paton v. La Prade*, 524 F.2d 862, 868 (3d Cir.1975); *see also Chastain v. Kelley*, 510 F.2d 1232 (D.C.Cir.1975); *Menard v. Saxbe*, 498 F.2d at 1022–25; *Menard v. Mitchell*, 430 F.2d 486 (D.C.Cir.1970). In *Paton*, plaintiffs sought to have FBI records of a misguided investigation expunged. The court determined:

> ... the propriety of an order directing expungement involves a balancing of interests; the harm caused to an individual by the existence of any records must be weighed against the utility to the Government of their maintenance.

524 F.2d at 868. The court went on to clarify some factors to be considered in the balancing process.

> Factors to be weighed in balancing are the accuracy and adverse nature of the information, the availability and scope of dissemination of the records, the legality of the methods by which the information was compiled, the existence of statutes authorizing the compilation and maintenance, and prohibiting the destruction of the recoreds [sic], and the value of the records to the government.

*Id.* at 869. The court noted that it is up to the individual court to decide how much weight to give to each of the factors, and which factors should in fact be considered. *Id.* at 869 n. 6.

However, the Government correctly points out that the named defendant prison guards are not authorized to amend the

plaintiff's records. Such amendments are effectuated by the Federal Bureau of Prisons ("the Bureau"). *See, e.g.,* 28 C.F.R. § 16.97(a)(4) (Bureau of Prison may amend prison records pursuant to 5 U.S.C. 552a(d)). Therefore it is necessary to name the Bureau as a defendant, since an injunction "binding a person not a party to the suit ... is antithetical to the primary axiom of our jurisprudence that no man shall be subject to judicial sanction without the opportunity for a hearing on the merits of the claim against him." *Herrlein v. Kanakis,* 526 F.2d 252, 255 (7th Cir.1975).[1]

At the same time, the Bureau can appropriately be added as a defendant because it derives potential liability from the acts of the named defendants. Although the Bureau cannot be liable based merely on principles of *respondeat superior*, it can be held responsible for failing to remedy a constitutional violation. *See Williams v. Smith,* 781 F.2d 319, 323 (2d Cir.1986). If, in fact, the individual defendants violated Walker's constitutional rights, the Bureau's refusal to expunge his records would perpetuate that violation. *See Chastain v. Kelley,* 510 F.2d at 1235; *Menard v. Saxbe,* 498 F.2d at 1023.

Therefore, the plaintiff should be granted leave to amend the complaint to add the Bureau of Prisons as a defendant, thus making available to him the equitable relief necessary to vindicate fully his constitutional rights. *See Chastain v. Kelley,* 510 F.2d at 1235. *See also Herrlein v. Kanakis,* 526 F.2d at 255 (when non-party not named in original lawsuit and subsequently not named in injunction, court could not hold non-party in contempt for violating injunction).[2]

---

**1.** It is arguable that by refusing to alter the prison records in this case, the Bureau is acting "in concert" with the defendant corrections officers and so could be subject to an injunction even as a non-party. *See Vuitton et fils S.A. v. Carousel Handbags,* 592 F.2d 126, 129 (2d Cir. 1979). However, the disposition proposed here would avoid the uncertainty inherent in enforcing an injunction against non-parties.

**2.** The plaintiff also may have a claim for expungement of records pursuant to the Privacy Act, 5 U.S.C. § 552(a). However, this statutory remedy is not exclusive, *see Churchwell v. United States,* 414 F.Supp. 499, 501 (D.S.D.1976), and the availability of the expungement remedy as ancillary to Walker's constitutional claim obviates the need to add an entirely new claim.

*Federal Tort Claims Act*

█ The plaintiff also seeks expungement of his records under the Federal Tort Claims Act ("FTCA"). Yet the law is clear in this circuit that the only relief available under the FTCA is money damages. *See Birnbaum v. United States,* 588 F.2d 319, 335 (2d Cir.1978); *Ryan v. Cleland,* 531 F.Supp. 724, 732 (E.D.N.Y.1982). Since the FTCA constitutes a limited waiver of sovereign immunity, courts have no power to exceed the limits established by Congress. In analogous circumstances, some courts have suggested that limited equitable relief might be available "in aid of a money judgment." *See Larionoff v. United States,* 533 F.2d 1167, 1181 (D.C.Cir.1976). Here, however, the expungement of the plaintiff's records is not in any way necessary to effectuate an award of damages, and the Court therefore need not reach the issue of whether equitable relief in aid of a money judgment is available under the FTCA. The equitable relief requested by the plaintiff clearly is not, and his request for expungement under his third cause of action should therefore be stricken.

*Conclusion*

For the reasons set forth above, I recommend that the motion to strike plaintiff's demand for expungement of his records pursuant to the first cause of action be denied upon the condition that plaintiff amend his complaint within thirty (30) days to name the Bureau of Prisons as a defendant on this claim. I further recommend that the motion to strike plaintiff's demand for expungement under his third cause of action be granted.

Pursuant to Rule 7 of the Rules of Proceedings Before a United States Magistrate, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Whitman Knapp, Room 1201, and to the chambers of the undersigned, Room 2904.